

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2003

# USA v. Rivera

Precedential or Non-Precedential: Non-Precedential

Docket 02-2919

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Rivera" (2003). *2003 Decisions*. Paper 522.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/522

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2919

UNITED STATES OF AMERICA

v.

LUIS MANUEL RIVERA,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 01-cr-00323
(Honorable Sylvia H. Rambo)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2003

Before: SCIRICA, Chief Judge, NYGAARD and BECKER, Circuit Judges

(Filed: May 30, 2003)

OPINION OF THE COURT

SCIRICA, <u>Chief</u> <u>Judge</u>.

This is a sentencing appeal. Luis Manuel Rivera pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), under a written plea agreement and was sentenced to a term of 78 months imprisonment.

## I.

On October 20, 2000, police officers conducted a lawful search pursuant to a search warrant of Rivera's residence, 349 East Poplar Street, York, Pennsylvania, and found seven packets of heroin and a loaded 9 mm Intra-Tech semi-automatic pistol in his basement.

On August 27, 2001, Rivera pled guilty in state court to felony drug charges, possession with intent to distribute heroin, and was sentenced to 4-8 years imprisonment. On December 12, 2001, Rivera pled guilty to the federal offense that underlies this appeal.[1]

Rivera admitted possession of the firearm, claiming a friend had given it to him. But, in fact, the pistol was reported stolen by the owner a few months earlier. Rivera said he needed the firearm for protection from one of his drug associates (Jose Avelo) who he claimed threatened to kill him. Rivera also admitted to possession of the heroin.

---

[1]Rivera received a three-level adjustment for acceptance of responsibility.

## II.

Rivera challenges his four-level enhancement under U.S.S.G. § 2K2.1(b)(5), possession of a firearm in connection with another felony offense.

U.S.S.G. § 2K2.1(b)(5) provides:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.

The District Court made a factual finding that Rivera possessed a firearm in connection with another felony offense, namely, possession of heroin with intent to distribute.

## III.

Rivera contends the District Court erroneously imposed the four-level sentencing enhancement under U.S.S.G. § 2 K 2.1(b)(5) because there was no connection or relationship between the firearm and the felony. United States v. Loney, 219 F.3d 281 (3d. Cir. 2000). Rivera argues he was only "passively in possession of a gun and drugs in the basement of his residence."

The District Court found that "there is enough circumstantial evidence here taking all these facts together, as harsh as it is, that would support the firearm was used and possessed in relation to another felony offense; that is the drug distribution."

The basis for the District Court's finding was that Rivera's associate (Avelo) was a drug trafficker, that Rivera was a distributor of heroin and that he admitted he needed the firearm for protection from Avelo. The evidence confirmed that Rivera and Avelo together were engaged in drug trafficking. Furthermore, the heroin and loaded gun were found in proximity in Rivera's basement, pursuant to a lawful search. These factors demonstrate the requisite relationship or association between the gun and the felony, in this case, possession of heroin with intent to distribute. See Loney, 219 F.3d 281.

## IV.

For these reasons, we will affirm the judgment of conviction and sentence.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/Anthony J. Scirica
Chief Judge